UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALBERT JOHN HAMILTON JR., | Case No. CV 17-5297 ODW (SS) |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| J. URBAN, et al., | **DISMISSING COMPLAINT WITH** |
| Defendants. | **LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On July 18, 2017, Plaintiff Albert John Hamilton Jr. ("Plaintiff"), a California state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This court may dismiss such a complaint, or any portion of it, before service of process if the court concludes that the complaint (1) is frivolous or malicious,

(2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). For the reasons stated below, the Complaint is DISMISSED, with leave to amend.[1]

## II.
## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues two employees of the California Men's Colony State Prison ("CMC") in their individual capacities only: (1) nurse J. Urban and (2) supervising nurse M. Trujillo (collectively "Defendants"). (Compl. at 3).

Plaintiff alleges that he is an "ADA inmate" who tested positive for tuberculosis in 1987. (Id. at 1, 6). According to the Complaint, Urban "refused to review [Plaintiff's] medical records before injecting [him] with a (TB) shot on May 8, 2015." (Id. at 5). Plaintiff "did not have any serious medical need for R/N Urban to inject him with a (TB) shot," which "may have caused [him] significant injury." (Id.).

On June 25, 2015, Trujillo filed a false report regarding the incident. (Id.). The report was false because Trujillo stated that Plaintiff "took a (TB) test at M[en's] C[entral] J[ail] on [August 11,] 2014, but [Plaintiff] was at Wasco state prison that

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2

same[]day." (Id.). By filing the report, Trujillo "intentionally interfered with [Plaintiff's] medical treatment . . . ." (Id.). Urban and Trujillo "caused [Plaintiff] to suffer much pain of not knowing what may[]be wrong with him." (Id. at 6).

Plaintiff summarily asserts that Defendants were negligent and committed medical malpractice. (Id.). In addition, Urban "violated the (ADA) [and Plaintiff's] U.S. constitution[al] rights." (Id. at 3). Plaintiff seeks $10,000 in monetary damages from each Defendant. (Id. at 6).

### III.

### DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court dismisses the Complaint due to defects in pleading. A pro se litigant in a civil rights case, however, must be given leave to amend his or her complaint unless "it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment." See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Accordingly, the Complaint is dismissed with leave to amend.

**A.    The Complaint Fails To State Claims For Negligence And Medical Malpractice**

Plaintiff alleges that both Urban and Trujillo are liable for "negligence and medical malpractice." (Compl. at 6). However,

the Complaint does not satisfy the procedural requirements for alleging state law tort claims (such as negligence or medical malpractice) against government actors.

Under the California Government Claims Act ("CGCA"),[2] a plaintiff may not bring an action for damages against a public employee or entity unless he first presents a written claim to the local governmental entity within six months of the accrual of the incident. See Mabe v. San Bernadino County, Dept. of Public Social Services, 237 F.3d 1101, 1111 (9th Cir. 2001) (CGCA requires the "timely presentation of a written claim and the rejection of the claim in whole or in part" as a condition precedent to filing suit); see also Cal. Gov't Code § 945.4 ("[N]o suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . ."). Furthermore, a plaintiff must affirmatively allege compliance with the CGCA's claims presentation requirement, or explain why compliance should be excused. Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("Where compliance with the [California] Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.")

---

[2] The short title "Government Claims Act" has been used interchangeably in California cases with the title "Tort Claims Act" to refer to the statutory scheme for presenting claims for money damages against governmental entities. However, because the California Supreme Court has expressed a preference for the title "Government Claims Act," the Court will adopt that usage. See City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (2007).

4

(internal quotation marks omitted).  "The failure to exhaust an administrative remedy [under the CGCA] is a jurisdictional, not a procedural, defect."  Miller v. United Airlines, Inc., 174 Cal. App. 3d 878, 890 (1985); see also Cornejo v. Lightbourne, 220 Cal. App. 4th 932, 938 (2013) ("Ordinarily, filing a claim with a public entity pursuant to the Claims Act is a jurisdictional element of any cause of action for damages against the public entity . . .").

To the extent that Plaintiff is attempting to assert causes of action for negligence or medical malpractice, the claims fail because the Complaint does not allege that Plaintiff satisfied the CGCA claims presentation requirement before filing suit.[3]  Accordingly, the Complaint is dismissed, with leave to amend. Plaintiff is cautioned that he should not assert a state law tort claim unless he can either show that he presented his claim to the appropriate agency prior to filing suit or explain why exhaustion should be excused under the particular circumstances of this case.

\\
\\
\\
\\
\\

---

[3] The claim presentation requirement under the CGCA is separate from, and is not satisfied by, internal prison grievance processes. See Hendon v. Ramsey, 528 F. Supp. 2d 1058, 1069–70 (S.D. Cal. 2007) ("Although Plaintiff has demonstrated successfully that he utilized the prison grievance process to exhaust his federal claims by filing an inmate appeal, and has attached documentation in the form of his CDC 602 form and administrative responses, these documents do not satisfy the CTCA [California Tort Claims Act] with respect to his state law negligence claims.").

5

**B. The Complaint Fails To State A Claim For Deliberate Indifference To Serious Medical Needs**

The Complaint alleges that by administering a "(TB) skin test" without reviewing Plaintiff's medical records, Urban violated Plaintiff's "U.S. constitution[al] rights." (Compl. at 3). It is possible that Plaintiff is attempting to state a claim for deliberate indifference to serious medical needs. However, Plaintiff's deliberate indifference claim is defective.

To state a claim for unconstitutional health care services, a prisoner must demonstrate that the defendants were "deliberately indifferent" to his "serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To establish a "serious medical need," the prisoner must show that "failure to treat [the] prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citation omitted); see also Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (the existence of a serious medical need is determined by an objective standard).

To establish "deliberate indifference" to such a need, a prisoner must demonstrate: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Jett, 439 F.3d at 1096. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

6

(citation omitted). Yet, an "inadvertent [or negligent] failure to provide adequate medical care" alone does not state a claim. Id. (citation omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk. See Farmer v. Brennan, 511 U.S. 825, 839 (1994). An "isolated exception" to a defendant's "overall treatment" of a prisoner does not state a deliberate indifference claim. Jett, 439 F.3d at 1096.

Here, Plaintiff alleges that because he has tested positive for TB since 1987, Urban should not have administered a follow up TB test. Even assuming, without deciding, that TB tests should not be given to patients who have previously tested positive for the disease, and that Urban deliberately refused to review Plaintiff's medical records before administering the test despite Plaintiff's objections, the Complaint does not state a claim for deliberate indifference because Plaintiff has not shown that he suffered any harm from the test. Plaintiff alleges that the follow up test was "not necessary," and "may have caused [him] significant injury" and "could have caused [him] more pain or dread." (Compl. at 5) (emphasis added). However, Plaintiff does not allege that he actually suffered any physical harm as a result of the test.

Plaintiff's allegation that both Urban and Trujillo "caused [him] to suffer much pain of not knowing what may[]be wrong with him" appears to allege that the only "harm" that resulted from the test was a temporary increase in Plaintiff's anxiety. (Id. at 6). However, this allegation fails to show the "harm" necessary for a

7

deliberate indifference claim because "an inmate may not pursue an emotional distress injury unless accompanied by a physical injury." Wood v. Idaho Dep't of Corr., 391 F. Supp. 2d 852, 867 (D. Idaho 2005).

The Prison Litigation Reform Act provides in relevant part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."

42 U.S.C. § 1997e(e). The Ninth Circuit has determined that section 1997e(e)'s "physical injury" requirement demands a showing of a "physical injury that need not be significant but must be more than de minimis" before a prisoner may recover damages for emotional injuries. Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). For example, in Oliver, the Ninth Circuit found that a pretrial detainee's section 1983 claim for "mental and emotional injury" resulting from "dehumanizing" and "overcrowded" conditions failed to satisfy section 1997e(e)'s physical injury requirement where the only physical injuries alleged were a canker sore and back and leg pain from sleeping on benches and the floor. Id. at 629; see also Wilson v. Dovery, 369 Fed. Appx. 844, at *1 (9th Cir. 2010) (affirming dismissal of prisoner's deliberate indifference claim based on "lack of privacy in his medical care" because plaintiff "fail[ed] to allege any physical symptoms or the type of harm required for a deliberate indifference claim under the Prison

8

Litigation Reform Act") (citing 42 U.S.C. § 1997e(e) & <u>Oliver</u>, 289 F.3d at 627-28); <u>Wood</u>, 391 F. Supp. 2d at 867 (prisoner's section 1983 deliberate indifference claim for "worry and distress" suffered during delay of scheduled hepatitis vaccinations barred by section 1997e(e) where prisoner did not contract hepatitis during the delay); <u>Glosson v. Morales</u>, 469 F. Supp. 2d 827, 830 (S.D. Cal. 2007) (prisoner's section 1983 excessive force claim for "physical and mental anguish" failed to overcome section 1997e(e)'s physical injury requirement where the physical injuries suffered were minor abrasions, scratches and bumps).

The Complaint fails to state facts establishing that the harm Plaintiff suffered was a serious harm. Accordingly, the Complaint is dismissed, with leave to amend.

**C.     The Complaint Fails To State A Claim Under The ADA**

Plaintiff summarily claims that Urban "violated the ADA." (Compl. at 3). Title II of the ADA, which "prohibits a 'public entity' from discriminating against a 'qualified individual with a disability on account of that individual's disability,' [] covers inmates in state prisons." <u>Pennsylvania Dept. of Corr. v. Yeskey</u>, 524 U.S. 206, 208 (1998) (quoting 42 U.S.C. § 12132). However, the Complaint fails to state an ADA claim.

To state a claim under § 12132 of Title II, a plaintiff must allege that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (quoting McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004)). In order to allege a qualifying disability under the ADA, a plaintiff must demonstrate that he has been diagnosed with a condition that substantially limits his life activities. Bragdon v. Abbott, 524 U.S. 624, 631 (1998); see also Weaving v. City of Hillsboro, 763 F.3d 1106, 1111 (9th Cir. 2014) ("A 2008 Amendment to the ADA provides, 'The definition of disability in this chapter shall be construed in favor of broad coverage . . . .' 'The term 'substantially limits' shall be interpreted consistently with the [amendment].'") (citing 42 U.S.C. § 12102(4)(A-B)).

"The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons, 609 F.3d at 1022 (emphasis added). Insufficient medical care does not state a claim under the ADA. Id.; see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled

prisoners . . . The ADA does not create a remedy for medical malpractice.").

Here, the Complaint does not allege facts showing that simply testing positive for TB has substantially limited Plaintiff's life activities, or that Plaintiff was denied access to a governmental benefit <u>because of</u> that disability. To state an ADA claim, the Complaint must establish that Plaintiff has a qualifying disability; that the prison did not accommodate his disability, which prevented him from enjoying the benefits of services, programs, or activities provided to non-disabled prisoners; and that he was discriminated against because of his disability. Accordingly, the Complaint is dismissed, with leave to amend.

### D. <u>The Complaint Fails To State A Claim Against Trujillo</u>

Plaintiff appears to allege that Trujillo is liable because she filed a "false report" stating that Plaintiff "took a (TB) test at MCJ on 8/11/2014," even though Plaintiff "was at Wasco State Prison that same day." (Compl. at 5). Even assuming that Trujillo was mistaken as to where -- or even whether -- Plaintiff received a prior TB test, Plaintiff has not identified what constitutional right, if any, was violated or alleged facts showing that he was harmed in any way by the error. Plaintiff has not alleged that the information was, will, or even could be used against him. The simple fact that an institutional file contains inaccurate information does not, by itself, state a constitutional claim. See, e.g., <u>Reyes v. Supervisor of DEA</u>, 834 F.2d 1093, 1097 (1st

11

Cir. 1987) (allegation that police department maintained false information without a showing that the information was or would be used to deprive the inmate of a constitutionally protected interest failed to state a due process claim); Pruett v. Levi, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of inaccuracy in FBI criminal file does not state constitutional claim).  Accordingly, the Complaint is dismissed, with leave to amend.

**E.    The Complaint Violates Rule 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  Rule 8 may be violated when a pleading "says too little" and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis in original); see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint).

The Complaint violates Rule 8 because Plaintiff does not clearly identify the nature of each of his legal claims and the specific facts giving rise to each individual claim.  For example, the Complaint does not clearly state what constitutional right Defendants may have violated, or whether Plaintiff is in fact

bringing his section 1983 and ADA claims only against Urban. Additionally, the Complaint contains confusing and superfluous allegations, such as the many references to "attached documents," even though no documents were attached to the Complaint, and likely did not need to be. (<u>See</u> Compl. at 6-9). Accordingly, the Complaint is dismissed, with leave to amend.

## IV.

## CONCLUSION

For the reasons stated above, the Complaint is dismissed, with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above.

**Furthermore, Plaintiff shall omit any claims or allegations that are not reasonably related to the claims asserted in the Complaint, but shall instead attempt to cure the deficiencies addressed in this Order.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint. In any amended complaint, Plaintiff should confine his allegations to the operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim

13

showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support his claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument. The Court notes that Plaintiff has filed several actions at the same time and these actions appear to lack substance in fact and law. Plaintiff is advised that filing frivolous motions or actions will ultimately result in a recommendation that he be barred from filing as a vexatious litigant. **Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.</u>**

DATED: August 11, 2017

                                             /S/
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**