UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT JOHN HAMILTON JR., <br> Plaintiff, <br> v. <br> J. URBAN, et al., <br> Defendants. | Case No. CV 17-5297 ODW (SS) <br><br> **MEMORANDUM AND ORDER** <br><br> **DISMISSING FIRST AMENDED** <br><br> **COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On July 18, 2017, Plaintiff Albert John Hamilton, Jr., a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, (Dkt. No. 1), which the Court dismissed with leave to amend due to defects in pleading.[1] (Dkt. No. 7). Pending before the Court is Plaintiff's First Amended Complaint ("FAC"). (Dkt. No. 10).

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). The court may dismiss such a complaint, or any portion of it, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The facts underlying the Complaint and the FAC are largely the same. Plaintiff once again complains that he was wrongfully given a TB skin test by a prison nurse and that the response to his administrative appeal challenging the propriety of that test contained a factual inaccuracy. The Court is doubtful that Plaintiff will be able to state a constitutional claim based on these facts, and indeed, the FAC repeats nearly all of the material defects that required dismissal of the original Complaint. Nonetheless, the Court will grant Plaintiff one more opportunity to attempt to state a claim. Plaintiff is cautioned that if any future amended pleading does not cure the defects that the Court has now twice identified in the original Complaint and the FAC, the Court may conclude that further attempts at amendment would be futile and recommend that this action be dismissed with prejudice for failure to state a claim. See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment."); Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("[T]he district

2

court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotation marks omitted); Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980) (same). Accordingly, for the reasons stated below, the FAC is DISMISSED, with leave to amend.

**II.**

**ALLEGATIONS OF THE FIRST AMENDED COMPLAINT[2]**

Plaintiff sues four employees of the California Men's Colony State Prison ("CMC") in their individual capacities only: (1) nurse J. Urban; supervising nurses (2) M. Trujillo and (3) M. Morrisroe; and (4) Chief Support Executive M. Wallace (collectively "Defendants"). (FAC at 3-4).

Plaintiff alleges that he has previously tested positive for tuberculosis. (Id. at 4). As a result, since 1987 he has been classified by the California Department of Corrections and Rehabilitation ("CDCR") as "Code 32," meaning that he had a "significant reaction" to a "prior exposure" to TB. (Id. at 4, 7). Although California "mandates TB testing of inmates on an

---

[2] Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Some of the terms used in the FAC are not self explanatory, but are clarified by the attachments to the FAC or by reference to case law. The Court will cite to the FAC and its attached exhibits by the CM/ECF number at the top of each page as docketed on the Court's system.

3

annual basis," (id. at 71), Code 32 prisoners are not given PPD (i.e., skin) tests.[3] (Id. at 7).

Urban refused to review medical records showing that Plaintiff was classified as "Code 32" before "inject[ing] [him] with a TB-skin test" on May 8, 2015. (Id. at 5). The FAC does not allege any specific injury from the "illegal injection," but states that "Plaintiff is not a doctor so how would Plaintiff know what his medical Problem is without seeing a[n] outside doctor?" (Id. at 5, 8). However, the FAC alleges that Urban "may of [sic] caused the Plaintiff significant injury because she violated the CDCR-HC-TB DOM #54055.1 (TB Alert System) . . . ." (Id. at 9). The FAC

---

[3] "The current test for detecting latent tuberculosis infection is the Purified Protein Derivative Test, or PPD ('PPD' or 'skin test')." Selah v. Goord, 255 F. Supp. 2d 42, 46 (N.D. N.Y. 2003) (internal citations and footnote omitted). "The PPD test involves injecting a precise amount of purified protein derivative of tuberculin under the skin on the patient's forearm." Metheney v. Anderson, 953 F. Supp. 854, 856 (N.D. Ohio 1996). "Tuberculin is a mix of purified proteins produced from dead TB bacteria[,] which means the administration of a TB skin test will not infect an individual with TB or any other disease or virus." Richburg v. Daniels, 2015 WL 5008274, at *6 (M.D. Ala. Aug. 20, 2015).

"If an individual has a reaction to the injection that includes a thickening of the skin with a measurable induration, the individual has likely been infected with latent tuberculosis." Selah, 255 F. Supp. 2d at 46. "Once an individual is infected, he will likely carry the bacteria forever. He may, however, show no symptoms of the disease for some length of time; such an individual is said to have 'latent' tuberculosis, which is not contagious under normal circumstances." Jolly v. Coughlin, 76 F.3d 468, 471-72 (2d Cir. 1996).

"However, a positive PPD test does not constitute a diagnosis of TB. TB is diagnosed by chest x-ray. A positive PPD test with a negative chest x-ray shows only that a person has been exposed to TB. The person does not have TB and cannot transmit TB." McNeal v. United States, 979 F. Supp. 431, 432 n.3 (N.D. W.Va. 1997).

4

further alleges that Urban is "in violation of causing the Plaintiff over the time un-necesser [sic] Paine and maybe dread, because of her medical negligence . . . ." (Id. at 10).

On June 25, 2015, Trujillo "filed" a false report regarding the incident, which Morrisroe and Wallace also signed. (Id.). The report was false because it stated that Plaintiff "took a TB test at (MJC) [Men's Central Jail] on 8/11/14," even though other records show that Plaintiff was at Wasco State Prison on that date. (Id.). Trujillo, Morrisroe and Wallace signed the report to cover up the May 8, 2015 "illegal (TB) skin test" that Urban had administered. (Id. at 3-4).

The FAC does not clearly articulate the legal basis for Plaintiff's claims. However, construing the FAC liberally, Plaintiff appears to contend that Urban is liable for medical malpractice and deliberate indifference to his serious medical needs. (See id. at 3, 10). Plaintiff further states that Trujillo, Morrisroe and Wallace are "all guilty of falsifying a public document . . . [and] offering a forged document." (Id. at 11). Plaintiff seeks $10,000 in monetary damages from each Defendant. (Id. at 12).

**III.**

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A(b), the Court dismisses the FAC due to defects in pleading. A pro se litigant in a civil rights

case, however, must be given leave to amend his or her complaint unless "it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment." See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Accordingly, the Court will give Plaintiff one more opportunity to state a claim, and dismisses the FAC with leave to amend.

**A. The FAC Fails To State Claims For Negligence And Medical Malpractice**

Plaintiff alleges that Urban is liable for "medical malpractice along with negligence."[4] (FAC at 10). However, the FAC does not satisfy the procedural requirements for alleging state law tort claims (such as negligence or medical malpractice) against government actors.

As the Court previously explained, pursuant to the California Government Claims Act ("CGCA"),[5] a plaintiff may not bring an action for damages against a public employee or entity unless he first presents a written claim to the local governmental entity within six months of the accrual of the incident. See Mabe v. San

---

[4] Medical malpractice is "a species of professional negligence." Martinez-Serrano v. Quality Health Servs. Of Puerto Rico, Inc., 568 F.3d 278, 285 (1st Cir. 2009).

[5] The short title "Government Claims Act" has been used interchangeably in California cases with the title "Tort Claims Act" to refer to the statutory scheme for presenting claims for money damages against governmental entities. See City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (2007).

6

1  Bernadino County, Dept. of Public Social Services, 237 F.3d 1101,
2  1111 (9th Cir. 2001); see also Cal. Gov't Code § 945.4.[6]
3  Furthermore, a plaintiff must affirmatively allege compliance with
4  the CGCA's claims presentation requirement, or explain why
5  compliance should be excused. Mangold v. Cal. Pub. Utils. Comm'n,
6  67 F.3d 1470, 1477 (9th Cir. 1995). "The failure to exhaust an
7  administrative remedy [under the CGCA] is a jurisdictional, not a
8  procedural, defect." Miller v. United Airlines, Inc., 174 Cal.
9  App. 3d 878, 890 (1985); see also Cornejo v. Lightbourne, 220 Cal.
10 App. 4th 932, 938 (2013) ("Ordinarily, filing a claim with a public
11 entity pursuant to the Claims Act is a jurisdictional element of
12 any cause of action for damages against the public entity . . .").

14    To the extent that Plaintiff is attempting to assert causes
15 of action for negligence or medical malpractice, the claims fail
16 because the FAC does not allege that Plaintiff satisfied the CGCA
17 claims presentation requirement before filing suit. Accordingly,
18 the FAC is dismissed, with leave to amend. Plaintiff is once again
19 cautioned that he should not assert a state law tort claim unless
20 he can either show that he presented his claim to the appropriate
21 agency prior to filing suit or explain why exhaustion should be
22 excused under the particular circumstances of this case.
23 \\
24 \\
25 \\

---

[6] The claim presentation requirement under the CGCA is separate from, and is not satisfied by, internal prison grievance processes. See Hendon v. Ramsey, 528 F. Supp. 2d 1058, 1069-70 (S.D. Cal. 2007).

7

**B.  The FAC Fails To State A Claim For Deliberate Indifference To Serious Medical Needs**

The FAC states that the administration of "the illegal TB-injection" violated the "Civil Rights Act." (FAC at 8). Plaintiff appears to be attempting to state a claim for deliberate indifference to serious medical needs against Urban. However, Plaintiff's deliberate indifference claim is defective.

As the Court previously explained, to state an Eighth Amendment claim based on unconstitutional medical care, a prisoner must show that the defendant was "deliberately indifferent" to his "serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To establish a "serious medical need," the prisoner must demonstrate that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (citation omitted).

To establish the defendant's "deliberate indifference" to a serious medical need, a plaintiff must demonstrate: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." (Id.). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (Id.) (citations omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk.

Here, Plaintiff alleges that because he has tested positive for TB since 1987, Urban should not have administered a PPD skin test. Even assuming, without deciding, that there may be some medical risk in administering a TB skin test to a patient who previously had a positive reaction to the test, and that Urban deliberately refused to review Plaintiff's medical records before administering the test despite Plaintiff's objections, the FAC does not state a claim for deliberate indifference because Plaintiff has not shown that he suffered any harm from the test. Plaintiff alleges that the skin test "<u>could have</u> caused [him] un-necessary pain or dread." (FAC at 11) (emphasis added). However, Plaintiff does not allege that he actually suffered any physical harm as a result of the test, which he claims "only a[n] outside doctor can tell." (<u>Id.</u> at 8)

The Prison Litigation Reform Act provides in relevant part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."

42 U.S.C. § 1997e(e). The Ninth Circuit has determined that section 1997e(e)'s "physical injury" requirement demands a showing of a "physical injury that need not be significant but must be more than <u>de minimis</u>" before a prisoner may recover damages for emotional injuries. <u>Oliver v. Keller</u>, 289 F.3d 623, 627 (9th Cir. 2002) (claim for "mental and emotional injury" due to prison overcrowding

barred where the only physical injuries alleged were a canker sore and back and leg pain from sleeping on benches and the floor); see also Wood v. Idaho Dept. of Corr., 391 F. Supp. 2d 852, 867 (D. Id. 2005) (deliberate indifference claim for "worry and distress" due to delay of scheduled hepatitis vaccinations barred where prisoner did not contract hepatitis during the delay); Glosson v. Morales, 469 F. Supp. 2d 827, 830 (S.D. Cal. 2007) (prisoner's excessive force claim for "physical and mental anguish" barred where the physical injuries suffered were minor abrasions, scratches and bumps).

The FAC fails to state facts establishing that the harm Plaintiff suffered was more than simple anxiety. Plaintiff's unsupported speculation that he might have suffered some other harm that only an outside doctor could diagnose is insufficient to support an Eighth Amendment claim. See Rodriguez v. Evans, 2009 WL 347194, at *2 (N.D. Cal. Feb. 6, 2009) (prisoner's contention following exposure to contaminant that cursory medical exam was insufficient to detect latent injuries that could manifest in the future did not allege non-speculative harm required for deliberate indifference claim); Maciel v. California Dept. of Corr. & Rehab., 2016 WL 6988640, at *5 (E.D. Cal. Nov. 28, 2016) (transfer of prisoner to area where valley fever was endemic did not state deliberate indifference claim where prisoner's positive skin test only indicated exposure to the fungus and the complaint did not allege that prisoner actually contracted the disease). Accordingly, the FAC is dismissed, with leave to amend.

**C. The FAC Fails To State A Claim Against Trujillo, Morrisroe And Wallace**

Plaintiff alleges that Trujillo, Morrisroe and Wallace are liable for "falsifying a public document," i.e., their response to his second-level administrative appeal,[7] by stating that he "took a TB test at (MCJ) on 8/11/2014," even though he was at Wasco State Prison on that date. (FAC at 10). Even assuming that these three Defendants were mistaken as to where -- or even whether -- Plaintiff received a prior TB test, Plaintiff has not identified what constitutional right, if any, was violated or alleged facts showing that he was harmed in any way by the error.

The simple denial of an administrative grievance, without more, is insufficient to establish liability under 42 U.S.C. § 1983. See Shehee v. Luttrell, 1999 F.3d 295, 300 (6th Cir. 1999). A plaintiff "cannot state a constitutional claim based on his dissatisfaction with the grievance process. Where the defendant's only involvement in the allegedly unconstitutional conduct is 'the denial of administrative grievances or the failure

---

[7] Plaintiff identifies the allegedly "false report" as a "CDCR-HC-appeal document," (FAC at 12), and attaches as an exhibit to the FAC a copy of the appeal response signed by Defendants. (Id. at 71-72). The Court notes that the appeal response not only states that Plaintiff received a TB test at the Los Angeles County Jail on August 11, 2014, in which his induration was noted to be 0mm, but also that Plaintiff signed a consent form assenting to the May 2015 TB test at issue in the FAC, which also resulted in an induration of 0mm. (Id. at 71). While Plaintiff challenges the accuracy of the representations concerning the August 2014 TB test, he does not challenge the accuracy of the representations concerning the May 2015 test.

11

to act, the defendant cannot be liable under § 1983.'" Grenning v. Klemme, 34 F. Supp. 3d 1144, 1157 (E.D. Wash. 2014) (quoting Shehee, 199 F.3d at 300). Additionally, there is no constitutional right to a particular grievance process. Mann v. Adams, 855 F.2d 639 (9th Cir. 1988).

Here, to the extent that Plaintiff's claim against Trujillo, Morrisroe and Wallace can be construed to allege the wrongful denial of his appeal, (FAC at 3-4), such a claim is not actionable under section 1983. To the extent that Plaintiff is challenging the accuracy of a statement of fact in the grievance response that these Defendants signed, that, too, does not state a constitutional claim. The simple fact that an institutional record contains inaccurate information does not, by itself, violate the subject's constitutional rights. See, e.g., Reyes v. Supervisor of DEA, 834 F.2d 1093, 1097 (1st Cir. 1987) (allegation that police department maintained false information without a showing that the information was or would be used to deprive the inmate of a constitutionally protected interest failed to state a due process claim); Pruett v. Levi, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of inaccuracy in FBI criminal file does not state constitutional claim). Plaintiff has not alleged that the allegedly false information about where he was on August 11, 2014 was, will, or even could be used against him. Accordingly, the FAC is dismissed, with leave to amend.

\\
\\
\\

**D.   The FAC Violates Rule 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Rule 8 may be violated when a pleading "says too little" and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis in original); see also Cafasso, 637 F.3d at 1058-59 (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint).

The FAC violates Rule 8 because Plaintiff does not clearly identify the nature of each of his legal claims and the specific facts giving rise to each individual claim. For example, the FAC does not clearly state what constitutional right each individual Defendant may have violated. Additionally, the FAC attaches over one hundred pages of undifferentiated "exhibits," including previous orders in this action and documents from Plaintiff's other civil rights and habeas proceedings that have no relation to this case and do not clarify or advance Plaintiff's current claims. (See FAC at 13-128). The FAC also includes unnecessary case citations and statements of law. (See, e.g., id. at 8).

Finally, the FAC's repeated allegations that Defendants failed to adhere to CDCR regulations do not state a constitutional claim.

The mere violation of state prison regulations, by itself, is not actionable under § 1983. See Case v. Kitsap County Sheriff's Dep't, 249 F.3d 921, 930 (9th Cir. 2001) ("'[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right . . . .'")) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)). Accordingly, the FAC is dismissed, with leave to amend.

**IV.**

**CONCLUSION**

For the reasons stated above, the First Amended Complaint is dismissed, with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this memorandum and Order within which to file a Second Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above.

**Furthermore, Plaintiff shall omit any claims or allegations that are not reasonably related to the claims asserted in the Complaint, but shall instead attempt to cure the deficiencies addressed in this Order.** The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint or the FAC.

\\

\\

In any amended complaint, Plaintiff should confine his allegations to the operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support his claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

<u>**Plaintiff is further advised that if he no longer wishes to pursue this action he may voluntarily dismiss it by filing a Notice**</u>

\\
\\
\\
\\
\\

**of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: February 9, 2018

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**